# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | |
| CURTIS SYMONDS and<br>PATRICIA SYMONDS | Case No. 10-14401<br>Chapter 11 |
| Debtors | |
| Curtis Symonds and<br>Patricia Symonds | |
| Plaintiffs, | |
| v. | Adv. Pro. No. _____ |
| Access National Bank, | |
| Acme Real Estate LLC, | |
| Advantageous Equities, L.L.C., and | |
| Neil I. Title, Individually | |
| Defendants. | |

## COMPLAINT

Curtis Symonds and Patricia Symonds, Plaintiffs herein, by counsel, hereby file this Complaint and state as follows:

## PARTIES

1. The Plaintiffs filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., on May 27, 2010. No trustee has been appointed and the Plaintiffs are serving as debtors-in-possession.

2. Defendant Access National Bank ("Access") is a nationally chartered bank with its principal office at 1800 Robert Fulton Drive, Suite 300, Reston, Virginia.

3. Defendant Acme Real Estate LLC ("Acme") is a Virginia limited liability company with its principal office at 1800 Robert Fulton Drive, Suite 310, Reston, Virginia.

4. Defendant Advantageous Equities, L.L.C. ("Advantageous") is a Virginia limited liability company with its principal office at 1840 Wilson Boulevard, Suite 205, Arlington, Virginia.

5. Defendant Neil I. Title is an attorney and a principal in the law firm of Karpoff & Title, whose address is 1840 Wilson Boulevard, Suite 205, Arlington, Virginia.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

## COUNT I

## AVOIDANCE OF FORECLOSURE PURSUANT TO VA. CODE § 55-59.2

8. The allegations of Paragraphs 1 through 7 above are incorporated herein.

9. In 1998, Mr. and Mrs. Symonds purchased a home located at 6216 Kilcullen Drive, McLean, Fairfax County, Virginia (the "Residence"). This property has served as the principal residence of Mr. and Mrs. Symonds and their children since that time.

10. On November 5, 2004, a deed of trust was recorded encumbering the Residence in favor of Access. Modifications to this deed of trust were recorded on February 9, 2007 and February 13, 2007. The deed of trust, as modified, is referred to herein as the "Deed of Trust."

11.     The Deed of Trust secured the obligations of Mr. and Mrs. Symonds as guarantors of certain loans from Access to Patricia, LLC, a Delaware limited liability company owned by Mr. and Mrs. Symonds.

12.     On February 25, 2010, a Deed of Appointment Designating Successor Trustee was recorded, appointing Advantageous to serve as successor trustee under the Deed of Trust.

13.     On March 23, 2010, Advantageous conducted a foreclosure sale of the Residence.

14.     The Deed of Trust states as follows with respect to the advertisement of any foreclosure sale:

> Any sale of the Secured Property may be made after advertising the time, terms and place of sale either: (a) once a week for four (4) consecutive weeks; or (b) once a day for five (5) consecutive days, in a weekly or daily newspaper, as the case may be, which is published in, or has a general circulation in, the county or city wherein the Real Property is situated, at the discretion of the Trustee.

15.     Va. Code § 55-59.2.A provides generally that advertisement which complies with the terms of the deed of trust is sufficient, provided that the requirements of the deed of trust meet certain minimum standards contained in Section 55-59.2.

16.     Va. Code § 55-59.2.E provides that failure to comply with the advertisement requirements set forth in Section 55-59.2 "shall, upon petition, render a sale of the property voidable by the court."

17.     On information and belief, the March 23, 2010 foreclosure sale of the Residence was advertised on Monday through Friday, March 15, 16, 17, 18 and 19, 2010.

18.     On information and belief, the March 23, 2010 foreclosure sale of the Residence was advertised in the Washington Examiner newspaper.

19. On information and belief, the Washington Examiner newspaper is a free newspaper which is delivered to selected private residences in Fairfax County, Virginia.

20. On information and belief, the Washington Examiner newspaper is only delivered to private residences in Fairfax County on Sundays.

21. On information and belief, the Washington Examiner newspaper is not delivered to private residences in Fairfax County on Mondays, Tuesdays, Wednesdays, Thursdays or Fridays.

22. The advertisement of the foreclosure sale of the Residence did not comply with the requirement of the Deed of Trust that any foreclosure sale be advertised "once a day for five (5) consecutive days, in a . . . daily newspaper, . . . which is published in, or has a general circulation in, the county or city wherein the Real Property is situated . . ."

23. The advertisement of the foreclosure sale of the Residence also did not comply with the minimum requirement of Va. Code § 55-59.2A.1 that the sale must be advertised not less than once a day for three days, if the advertisement is inserted on a daily basis, in a newspaper having a general circulation in the county where the property to be sold lies.

WHEREFORE, Mr. and Mrs. Symonds request that the Court enter judgment voiding the March 23, 2010 foreclosure sale of their residence located at 6216 Kilcullen Drive, McLean, Fairfax County, Virginia, and granting such other and further relief as the Court determines to be appropriate under the circumstances.

## COUNT II

## AVOIDANCE OF FORECLOSURE DUE TO TRUSTEE'S CONFLICT OF INTEREST

24. The allegations of Paragraphs 1 through 23 above are incorporated herein.

25. Acme purchased the Residence at the foreclosure sale. A Trustee's Deed conveying the Residence to Acme was recorded on April 5, 2010.

26. On information and belief, Acme was the only potential purchaser which attended the foreclosure sale.

27. On information and belief, Acme purchased the Residence for $100,000 above the amount of the first mortgage.

28. On information and belief, the amount of the first mortgage at the time of the foreclosure sale was $413,939.16.

29. The assessed value of the Residence is $1,114,630.00. The fair market value of the Residence is approximately $1,900,000.00.

30. On information and belief, Defendant Neil Title is one of the owners of Advantageous, the substitute trustee under the Deed of Trust. Mr. Title also served as a manager of Advantageous. As manager of Advantageous, Mr. Title gave notice of the foreclosure to Mr. and Mrs. Symonds. On information and belief, as manager of Advantageous, Mr. Title determined when and in what newspaper to advertise the Residence for sale. As manager of Advantageous, Mr. Title signed the Trustee's Deed conveying the Residence to Acme.

31. Defendant Neil Title also served as counsel to Acme. As counsel to Acme, Mr. Title sent a copy of the Trustee's Deed to Mr. and Mrs. Symonds, demanding in his cover letter that they immediately vacate the property. On information and belief, as counsel to Acme, Mr. Title had access to confidential information of Acme relating to the Residence and the foreclosure sale.

32. Acme commenced an eviction proceeding against Mr. and Mrs. Symonds on April 28, 2010.

33. Under Virginia law, Advantageous and Mr. Title, in his capacity as manager of Advantageous, had a fiduciary duty to Mr. and Mrs. Symonds, and were required to act impartially as between Mr. and Mrs. Symonds and Access.

34. At one and the same time, Mr. Title served as trustee under the Deed of Trust, in his capacity as manager of Advantageous, and also as counsel to Acme, which purchased the Residence at the foreclosure sale. Therefore, Mr. Title was in a position of conflict which warrants voiding the foreclosure sale.

WHEREFORE, Mr. and Mrs. Symonds request that the Court enter judgment voiding the March 23, 2010 foreclosure sale of their residence located at 6216 Kilcullen Drive, McLean, Fairfax County, Virginia, and granting such other and further relief as the Court determines to be appropriate under the circumstances.

## COUNT III

## FRAUDULENT TRANSFER

35. The allegations of Paragraphs 1 through 34 above are incorporated herein.

36. The recordation of the Trustee's Deed effectuated an involuntary transfer of the Residence within the meaning of Bankruptcy Code § 548.

37. This transfer occurred on April 4, 2010, which is within two (2) years before the filing of the bankruptcy petition on May 27, 2010.

38. This transfer was not for reasonably equivalent value of the Residence.

39. Mr. and Mrs. Symonds became insolvent as a result of this transfer.

40. Because the foreclosure sale did not comply with the requirements of the Deed of Trust or Virginia law, it did not establish the reasonably equivalent value of the Residence within the meaning of Bankruptcy Code § 548 (a)(1)(B)(ii).

WHEREFORE, Mr. and Mrs. Symonds request that the Court enter judgment avoiding the March 23, 2010 foreclosure sale of their residence located at 6216 Kilcullen Drive, McLean, Fairfax County, Virginia, pursuant to Bankruptcy Code § 548, and recovering the residence for the bankruptcy estate, pursuant to Bankruptcy Code §550, and granting such other and further relief as the Court determines to be appropriate under the circumstances.

        Respectfully submitted,

        THE MEIBURGER LAW FIRM, P.C.

Dated: June 10, 2010        By: /s/ Janet M. Meiburger
        Janet M. Meiburger, Esq.
        (VSB No. 31842)
        The Meiburger Law Firm, P.C.
        1493 Chain Bridge Road, Suite 201
        McLean, Virginia 22101
        (703) 556-7871

        Counsel for Curtis and Patricia Symonds