**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CURTIS SYMONDS and | ) | Case No. 10-14401 |
| PATRICIA SYMONDS | ) | Chapter 11 |
| | ) | |
| Debtors | ) | |
| | ) | |
| Curtis Symonds and | ) | |
| Patricia Symonds | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 10-01240-RGM |
| | ) | |
| Access National Bank, | ) | |
| Acme Real Estate LLC, and | ) | |
| Advantageous Equities, L.L.C. | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Curtis Symonds and Patricia Symonds, Plaintiffs herein, by counsel, hereby file this Amended Complaint and state as follows:

### PARTIES

1.    The Plaintiffs filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., on May 27, 2010.  No trustee has been appointed and the Plaintiffs are serving as debtors-in-possession.

2. Defendant Access National Bank ("Access") is a nationally chartered bank with its principal office at 1800 Robert Fulton Drive, Suite 300, Reston, Virginia.

3. Defendant Acme Real Estate LLC ("Acme") is a Virginia limited liability company with its principal office at 1800 Robert Fulton Drive, Suite 310, Reston, Virginia.

4. Defendant Advantageous Equities, L.L.C. ("Advantageous") is a Virginia limited liability company with its principal office at 1840 Wilson Boulevard, Suite 205, Arlington, Virginia.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

### COUNT I

### AVOIDANCE OF FORECLOSURE DUE TO TRUSTEE'S CONFLICT OF INTEREST

7. The allegations of Paragraphs 1 through 6 above are incorporated herein.

8. In 1998, Mr. and Mrs. Symonds purchased a home located at 6216 Kilcullen Drive, McLean, Fairfax County, Virginia (the "Residence"). This property has served as the principal residence of Mr. and Mrs. Symonds and their children since that time.

9. On November 5, 2004, a deed of trust was recorded encumbering the Residence in favor of Access. Modifications to this deed of trust were recorded on February 9, 2007 and February 13, 2007. The deed of trust, as modified, is referred to herein as the "Deed of Trust."

10. The Deed of Trust secured the obligations of Mr. and Mrs. Symonds as guarantors of certain loans from Access to Hoop Magic, LLC, a Delaware limited liability company owned by Mr. and Mrs. Symonds.

11. On February 25, 2010, a Deed of Appointment Designating Successor Trustee was recorded, appointing Advantageous to serve as successor trustee under the Deed of Trust.

12. On March 23, 2010, Advantageous conducted a foreclosure sale of the Residence pursuant to the Deed of Trust.

13. On information and belief, Neil Title is the manager of Advantageous. When Advantageous was requested to conduct a foreclosure of the Residence, Mr. Title performed an analysis of the liens on the Residence. He determined that there were two mortgages on the Residence superior to the Deed of Trust. One mortgage was a purchase money mortgage in favor of Wells Fargo Bank. The other mortgage was an indemnity deed of trust in favor of the Business Finance Group, which had placed a loan, guaranteed by the Small Business Administration (the "SBA Loan"), on real property owned by Patricia LLC, which in turn was owned by the Plaintiffs.

14. At the request of Access, Mr. Title, acting on behalf of Advantageous, obtained a subordination agreement from the SBA, subordinating the mortgage securing the SBA Loan to the Deed of Trust. On information and belief, it was not clear when Mr. Title undertook to obtain the subordination agreement that the SBA would agree. In anticipation of possible opposition from the SBA, Access provided information to Mr. Title which he could use as leverage with the SBA to obtain the subordination.

15. Mr. Title did not inform the Plaintiffs that the subordination was being requested, nor did he seek the subordination through a court proceeding, which would have provided notice to the Plaintiffs.

16. On information and belief, Access would not have proceeded with the foreclosure if the mortgage securing the SBA Loan remained superior to the Deed of Trust.

17.     Under Virginia law, Advantageous and Mr. Title as its manager had a fiduciary duty to Mr. and Mrs. Symonds, and was required to act impartially as between Mr. and Mrs. Symonds and Access.  A foreclosure is voidable when the trustee violates its fiduciary duty, even though the trustee might have acted in good faith, and even though there was no harm to the borrower as a practical matter.

18.     The fact that Advantageous and Mr. Title undertook to represent the interests of Access in seeking to obtain the subordination from the SBA, and that they did not give notice to Mr. and Mrs. Symonds that a subordination agreement was being sought, constituted a violation of their fiduciary duty to be impartial to Mr. and Mrs. Symonds.

WHEREFORE, Mr. and Mrs. Symonds request that the Court enter judgment voiding the March 23, 2010 foreclosure sale of their residence located at 6216 Kilcullen Drive, McLean, Fairfax County, Virginia, and granting such other and further relief as the Court determines to be appropriate under the circumstances.

                                    Respectfully submitted,

                                    THE MEIBURGER LAW FIRM, P.C.

Dated: October 12, 2010          By:  /s/ Janet M. Meiburger
                                    Janet M. Meiburger, Esq.
                                    (VSB No. 31842)
                                    The Meiburger Law Firm, P.C.
                                    1493 Chain Bridge Road, Suite 201
                                    McLean, Virginia 22101
                                    (703) 556-7871

                                    Counsel for Curtis and Patricia Symonds

**CERTIFICATE OF SERVICE**

I HEREBY certify that on this 12th day of October, 2010, a true and correct copy of the foregoing Amended Complaint will be served by ECF e-mail pursuant to the applicable Standing Order of the Court and by e mail on the following:

Kevin M. O'Donnell, Esq. (by e mail)
Henry & O'Donnell PC
300 N. Washington Street, Suite 204
Alexandria, Virginia 22314
kmo@henrylaw.com
*Counsel to Access National Bank and Acme Real Estate, LLC*

Herbert S. Rosenblum, Esq. (by e mail)
526 King Street, Suite 211
Alexandria, Virginia 22313-0058
herbert@hsrlawpc.com
*Counsel for Advantageous Equities, L.L.C.*

      /s/ Janet M. Meiburger
      Janet M. Meiburger